UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Plaintiff,<br>v.<br><br>SHELLPOINT MORTGAGE SERVICING LLC and DAVID GEORGE NOVELLI,<br><br>    Defendants. | Civil Action No.   3:25-cv-06534-MGL<br><br>**COMPLAINT** |

Plaintiff Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Newrez") complains against Defendants Shellpoint Mortgage Servicing LLC ("Infringing Entity") and David George Novelli ("Novelli") as follows:

## INTRODUCTION

1. This is an action for infringement of Newrez's trademark, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition and unfair trade practices under the statutory and common laws of the State of South Carolina—all arising from the Defendants' unauthorized use of "Shellpoint Mortgage Servicing LLC."

2. Newrez seeks injunctive and monetary relief.

## JURISDICTION

3. Newrez's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the Lanham Act). This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the subject matter of the state law claims because

those claims are so related to Newrez's federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4.   Personal jurisdiction in the District of South Carolina is proper as to the Infringing Entity because, among other reasons, the Infringing Entity is a South Carolina limited liability company, is registered with the South Carolina Secretary of State to conduct business in the State of South Carolina, and, upon information and belief, has solicited and conducted business in the State of South Carolina, thereby purposefully availing itself of the privilege of acting in the State of South Carolina.

5.   Personal jurisdiction in the District of South Carolina is proper as to Novelli because, among other reasons, Novelli registered the Infringing Entity with the South Carolina Secretary of State, thereby purposefully availing himself of the privilege of acting in the State of South Carolina.

## VENUE

6.   Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in this District. Defendants have also committed acts of infringement in this District, and a substantial part of the events giving rise to the action occurred in this District.

## PARTIES

7.   Newrez d/b/a Shellpoint Mortgage Servicing is a limited liability company formed under the laws of Delaware. It has one member: NewRezHoldings LLC f/k/a Shellpoint Partners LLC, a Delaware limited liability company. NewrezHoldings LLC f/k/a Shellpoint Partners LLC has two members: (1) NRM Acquisition LLC and (2) NRM Acquisition II LLC, both of which are Delaware limited liability companies. They each have just one member: New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC has one

member: Rithm Capital Corp. Rithm Capital Corp., f/k/a New Residential Investment Corp., is a Delaware corporation with its principal place of business in New York.

8. Newrez d/b/a Shellpoint is a nationwide mortgage servicer. It services more than 1,500,000 residential mortgage loans for homeowners across the country, including within South Carolina, and has done so for many years.

9. Newrez was formed on April 18, 2007, in Delaware.

10. On June 12, 2007, Newrez registered with the South Carolina Secretary of State and its current registered agent for service of process is "Corporation Service Company."

11. Since at least as early as 2014, Newrez has continuously used the trade name "Shellpoint Mortgage Servicing" in commerce within the State of South Carolina (as well as throughout the United States) in connection with its national loan servicing business

12. Novelli is an individual who, upon information and belief, resides in California.

13. The Infringing Entity is a limited liability company formed under the laws of South Carolina. Upon information and belief, the Infringing Entity has one member: Novelli, who, upon information and belief, is a citizen of California.

14. On June 30, 2023, Novelli registered the Infringing Entity (a limited liability company named "Shellpoint Mortgage Servicing LLC") with the South Carolina Secretary of State and designated "Registered Agents, Inc." at 6650 Rivers Avenue, Suite 100, Charleston, SC 29406 as the Infringing Entity's registered agent for service of process. Upon information and belief, Novelli has 100% authority and controls the Infringing Entity and is authorized to act on its behalf.

**FACTS**

**A.     Newrez and Its Shellpoint Mark.**

15. Newrez d/b/a Shellpoint has conducted loan servicing activities for South Carolina homeowners for many years.

16. Newrez currently services 65,073 loans in the State of South Carolina.

17. Since at least as early as 2014, Newrez has continuously used the "Shellpoint" and "Shellpoint Mortgage Servicing" trade names and marks ("Shellpoint Marks") in commerce within the State of South Carolina (as well as throughout the United States) in connection with its national loan servicing business.

18. Newrez has continuously used the Shellpoint Marks in commerce within the State of South Carolina (as well as throughout the United States) since at least as early as 2014 to advertise and offer its goods and services from its office in Greenville, South Carolina (as well as from other offices throughout the United States).

19. As a result of Newrez's continuous and extensive promotion and use of the Shellpoint Marks in connection with its products and services, consumers strongly associate the Shellpoint Marks with Newrez.

20. As a result of Newrez's widespread, continuous, and exclusive use of the Shellpoint Marks to identify its products and services, and Newrez as their source, Newrez owns valid and subsisting federal and common law rights to the Shellpoint Marks.

21. The Shellpoint Marks are distinctive to both the consuming public and Newrez's trade.

22. Newrez has expended substantial time, money, and resources marketing, advertising, and promoting the products and services sold under the Shellpoint Marks.

23. As a result of Newrez's expenditures and efforts, the Shellpoint Marks have come to signify the high quality of the products and services designated by the Shellpoint Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Newrez.

24. Newrez has scrupulously and successfully enforced and protected its Shellpoint

Marks against past infringements.

**B.    Defendants' Unlawful Activities.**

25.    After Newrez acquired protectable exclusive rights in its Shellpoint Marks, Defendants—without Newrez's authorization—adopted and began using Newrez's Shellpoint Marks in commerce.

26.    On June 30, 2023, without Newrez's knowledge or consent, Novelli used Newrez's Shellpoint Marks to register the Infringing Entity (a limited liability company named "Shellpoint Mortgage Servicing LLC") with the South Carolina Secretary of State and designated Registered Agents, Inc. to receive service of process for the Infringing Entity.

27.    The name of the Infringing Entity adopted and used by Defendants is confusingly similar to Newrez's Shellpoint Marks. Attached as **Exhibit 1** is a copy of Defendants' registration of the Infringing Entity, which shows Defendants' unauthorized use of the Shellpoint Marks.

28.    Defendants' actions have caused confusion of the Infringing Entity for Newrez. This has resulted in actual harm to Newrez, as well as other individuals and businesses in South Carolina, because the Infringing Entity has been erroneously served with legal documents intended for Newrez, among other harms.

29.    Newrez learned for the first time that the Infringing Entity existed in early 2025.

30.    On March 17, 2025, Newrez's counsel sent a cease-and-desist letter to Defendants objecting to Defendant's use of the Shellpoint Marks. Attached as **Exhibit 2** is a true and correct copy of Newrez's March 17, 2025 cease and desist letter to Defendants. In that letter, Newrez demanded that Novelli and the Infringing Entity immediately: (1) cease and desist from using the Shellpoint Marks and any confusingly similar terms; and (2) change the name of the Infringing Entity to (at least) remove the Shellpoint Marks from it.

31. To date, Newrez has received no response to its cease-and-desist letter and, after reasonable inquiry, has no evidence that Defendants have complied with the demands set out in the letter.

32. On information and belief, Defendant Novelli may have engaged in similar prohibited activities referable to the American Arbitration Association (the "AAA") and with a Final Judgment having been entered in favor of the AAA by the United States District Court for the Central District of California by Order dated January 4, 2006, as part of a case styled *American Arbitration Association, Inc. v. David George Novelli*, Case No. CV 05-3549-DSF.

33. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Infringing Entity's products and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Infringing Entity's products and services originate from, are associated or affiliated with, or otherwise authorized by Newrez.

34. Defendants' infringing acts as alleged herein have resulted in actual confusion as demonstrated by legal documents intended for Newrez being erroneously served on the Infringing Entity.

35. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Newrez's Shellpoint Marks, cause confusion and deception in the marketplace, and divert potential sales of Newrez's products and services to the Infringing Entity.

36. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Newrez and to its valuable reputation and goodwill with the consuming public for which Newrez has no adequate remedy at law.

## COUNT ONE
### Violation of 15 U.S.C. § 1125(a)

37. The allegations of all preceding paragraphs are incorporated herein by reference with the same force and effect as if fully set forth in full below.

38. The Shellpoint Marks are distinctive of products and services originating with Newrez, and Newrez's use of the Shellpoint Marks predates Defendants' use of the name "Shellpoint Mortgage Servicing LLC." The Shellpoint Marks include the coined and/or fanciful term "Shellpoint," and its use of "Shellpoint" in connection with mortgage servicing is arbitrary. It is only through Newrez's years of servicing mortgage loans for homeowners nationally and within South Carolina that the Shellpoint Marks have become associated in the minds of homeowners and the mortgage industry as a whole, including homeowners and industry participants in South Carolina, with Newrez's products and services.

39. Defendants' unauthorized use in commerce of the Shellpoint Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' products and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' products and services are sold, authorized, endorsed, or sponsored by Newrez, or that the Infringing Entity is in some way affiliated with or sponsored by Newrez.

40. Defendants' unauthorized use of the Shellpoint Marks is likely to, and did, cause confusion in the community (legal and otherwise) by creating the false and mistaken impression that the Infringing Entity is affiliated, connected, or associated with Newrez and its Shellpoint Marks. In fact, multiple individuals and/or businesses have attempted to serve Newrez with service of process through the Infringing Entity. Notwithstanding invalid service of process on Newrez, through the Infringing Entity's agents, Newrez faces significant risk of entries of default, for which it must incur legal costs to set aside, impacting its profits, and which harm its reputation

among borrowers and the mortgage industry as a whole, where a servicer's ability to effectively manage litigation is a key performance rubric. Upon information and belief, defaults have already been entered against Newrez as a result of Defendants' conduct.

41. Defendants' unauthorized use in commerce of the Shellpoint Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

42. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Infringing Entity with Newrez.

43. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants' unauthorized use of the Shellpoint Marks has caused and, if not enjoined, will continue causing irreparable and continuing harm to Newrez in various ways, including but not limited to Newrez's inability to receive documents intended for Newrez through the legal system.

45. Upon information and belief, Newrez has also been unable to receive pre-litigation documents, including inquiries and legal demands from borrowers and their counsel, which impacts Newrez's and borrowers' abilities to resolve questions or disputes and to avoid litigation. Failure to respond promptly to borrower inquiries and/or demands also harms Newrez's well-earned reputation for unparalleled and responsive customer service, leading borrowers to refinance their loans elsewhere and leading lenders to look elsewhere for servicing.

46. As a direct and proximate result of Defendants' wrongful conduct, Newrez has been and will continue to be damaged by, without limitation, a diminution in the value, reputation, and

goodwill of Newrez and the Shellpoint Marks, in an amount to be proven at trial.

47. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Newrez, and to its goodwill and reputation, and will continue to both damage Newrez and confuse the public unless enjoined by this Court. Newrez thus has no adequate remedy at law.

48. Newrez is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### Common Law Trademark Infringement

49. The allegations of all preceding paragraphs are incorporated herein by reference with the same force and effect as if fully set forth in full below.

50. The Shellpoint Marks are distinctive of products and services originating with Newrez, and its use predates Defendants' use of the name "Shellpoint Mortgage Servicing LLC." The Shellpoint Marks include the coined and/or fanciful term "Shellpoint," and Newrez's use of "Shellpoint" in connection with mortgage servicing is arbitrary. It is only through Newrez's years of servicing mortgage loans for homeowners nationally and in South Carolina that the Shellpoint Marks have become associated in the minds of homeowners and the mortgage industry as a whole, including homeowners and industry participants in South Carolina, with Newrez's products and services.

51. Defendants' unauthorized use in commerce of the Infringing Entity as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' products and services and is likely to cause consumers to believe, contrary to fact, that Defendants' products and services are sold, authorized, endorsed, or sponsored by Newrez, or

that Defendants are in some way affiliated with or sponsored by Newrez. Defendants' conduct, therefore, constitutes common law trademark infringement.

52. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Newrez's prior rights in the Shellpoint Marks and with the willful intent to cause confusion and trade on Newrez's goodwill.

53. Defendants' conduct is causing immediate and irreparable harm and injury to Newrez, and to its goodwill and reputation, and will continue to both damage Newrez and confuse the public unless enjoined by this Court. Newrez thus has no adequate remedy at law.

54. Newrez is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs of the action, together with prejudgment and post-judgment interest.

## COUNT THREE
### Common Law Unfair Competition

55. The allegations of all preceding paragraphs are incorporated herein by reference with the same force and effect as if fully set forth in full below.

56. Defendants' conduct of registering Shellpoint Mortgage Servicing LLC as the Infringing Entity constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and injurious to consumers and homeowners.

57. Upon information and belief, Defendants' conduct of marketing, selling, using, or holding itself out as the Infringing Entity without Newrez's consent constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and injurious to consumers and homeowners.

58. The acts of unfair competition alleged herein were committed with oppression, fraud, and malice. Specifically, Defendants used a mark that is confusingly similar to the

Shellpoint Marks with knowledge that their use will cause confusion to their benefit, and that Newrez was and continues to be injured by this continuing conduct.

59. Defendants' conduct constitutes unfair competition under the common law of the State of South Carolina.

## COUNT FOUR
### Violation of South Carolina Unfair Trade Practices Act

60. The allegations of all preceding paragraphs are incorporated herein by reference with the same force and effect as if fully set forth in full below.

61. Defendants used and knowingly benefited from the use of the Shellpoint Marks as alleged herein.

62. Defendants' acts of infringement occurred during the conduct of trade or commerce, from which Defendants derived an economic benefit.

63. Defendants' conduct creates a likelihood of confusion or of misunderstanding as to the Infringing Entity's affiliation, connection, or association with or certification by Newrez.

64. Defendants' conduct affects the public interest and has the potential for repetition.

65. The South Carolina Unfair Trade Practices Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a).

66. Each Defendant is a "person" under S.C. Code Ann. § 39-5-10. 980.

67. Defendants' conduct as alleged herein constitutes unfair methods of competition and unfair or deceptive acts or practices, and such conduct, therefore, violates the South Carolina Unfair Trade Practices Act., S.C. Code Ann. §§ 39-5-20, et. seq.

68. As a direct and proximate result of Defendants' conduct, Newrez has suffered a pecuniary loss, including, without limitation, the loss of revenue associated with the Shellpoint Marks, which revenue would have been received but for Defendants' infringing acts.

69. As the direct and proximate result of the unfair methods of competition and unfair or deceptive acts and practices of Defendants, Newrez has sustained injury and is entitled to recover actual damages in an amount to be proven at trial.

70. Unless enjoined by the Court, Defendants' unfair competition activities will continue unabated and will continue to cause harm to Newrez.

71. Pursuant to S.C. Code Ann. § 39-5-140(a), Newrez seeks monetary relief to recover its economic losses. Because Defendants' actions were willful and knowing, Newrez's damages should be trebled.

72. Newrez is further entitled to recover its reasonable attorney fees and court costs from Defendants under S.C. Code Ann. § 39-5-140.

73. Defendants' malicious and deliberate conduct warrants an assessment of punitive damages because Defendants carried out despicable conduct with willful and conscious disregard of the rights of others. Defendants' unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

**PRAYER FOR RELIEF**

74. Wherefore, Newrez prays for judgment against Defendants as follows:

   a. Finding Defendants' activities are unlawful under federal and South Carolina law;

   b. Granting an injunction permanently enjoining the defendants, their employees, agents, officers, directors, managers, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities from:

      i. engaging in any activity that infringes Newrez's rights in the Shellpoint Marks;

   ii. engaging in any activity constituting unfair competition with Newrez;

   iii. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, or devices that falsely associate such business, goods, and/or services with Newrez or tend to do so;

   iv. registering or applying to register any trademark, service mark, domain name, trademark, business name, trade name, or other source identifier or symbol of origin consisting of or incorporating one or both of the Shellpoint Marks or any other mark that infringes or is likely to be confused with the Shellpoint Marks or any goods or services of Newrez or Newrez as their source; and

   v. aiding, assisting, or abetting any other individual or entity in doing any act listed above;

c. Granting such other and further relief as the Court may deem proper to prevent the public, mortgage industry, and legal industry from deriving the false impression that any goods or services manufactured, sold, distributed, supplied, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Newrez;

d. Directing Defendants to immediately withdraw the Infringing Entity's registration with the South Carolina Secretary of State and any other registrations Defendants have obtained from government entities featuring or

including one or both of the Shellpoint Marks;

e. Directing Defendants to return all legal documents or correspondence intended for Newrez that was erroneously served on Defendants;

f. Directing Defendants to provide an accounting of all services furnished, or products sold, in connection with their use of the Shellpoint Marks;

g. Directing, pursuant to § 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the Court and serve on Newrez's counsel within 30 days after service of an injunction in this action (or such extended period as the Court may direct), a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied;

h. Directing Defendants to account to and pay over to Newrez all profits realized by their wrongful acts in accordance with § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Newrez for the damages caused thereby;

i. Awarding Newrez:

   i. Payment of its attorney fees, costs, and expenses incurred in connection with this action;

   ii. Punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement;

   iii. Compensatory damages and all other damages allowable under applicable law;

   iv. Interest at the highest lawful rate on any amounts awarded; and

   v. Such other and further relief as the Court deems just and appropriate.

Dated: June 30, 2025

Respectfully submitted,

*/s/ Carmen Weite*

Ben Milam (Fed. ID No. 12010)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Phone: 704-338-6000
Fax: 704-332-8858
bmilam@bradley.com

Carmen Weite (Fed. ID No. 13698)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Phone: 205-521-8000
Fax: 205-521-8800
cweite@bradley.com

**Attorneys for Newrez LLC d/b/a Shellpoint Mortgage Servicing**